**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Fox Chapel, an Arizona Charitable organization,<br><br>          Plaintiff,<br><br>vs.<br><br>Donald Walters; Marci Walters; Merle M. Karber; Dixie D. Karber,<br><br>          Defendant. | No. CV 07-8008-PCT-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff's motion for a temporary restraining order (Doc. # 2).

**I. BACKGROUND**

Plaintiff, Fox Chapel, is a charitable organization which owns A.P.N. 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 (the "Property") in Coconino County, Arizona. Defendants, Donald and Marci Walters and Merle and Dixie Karber, own property adjacent to the Property. In November of 2004, Plaintiff and Verde Valley Land Preservation Institute ("VVLI") signed a Conservation Easement which contributed the Property to VVLI as a grantee, subject to the contingent right of the United States Department of Agriculture and the Natural Resources Conservation Service, each as agents of the federal government, to take title possession and control of the property. Pursuant to the Conservation Easement, Plaintiff has the duty to maintain the Property in its natural and open conditions. Should Plaintiff fail to enforce the terms of the

1  Conservation Easement the United States Department of Agriculture has the right to enforce
2  the terms of the Conservation Easement.  In 2005, Judge Slayton of the Coconino County
3  Superior Court found Defendants were entitled to the use of an easement on the Property
4  through a deed from 1966.  Plaintiff alleges that since Judge Slayton's order, Defendants
5  have continued to go beyond the easement by deed and trespass onto the Property, to
6  Plaintiff's determent.  Around April of 2007, Defendants began independent negotiations
7  with the Natural Resources Conservation Service to amend the Conservation Easement.
8  Plaintiff is seeking a temporary restraining order ("TRO") that would prevent Defendants
9  from going beyond the easement created by the 1966 deed and prevent Defendants from
10 further negotiating an amendment to the Conservation Easement without directly including
11 Plaintiff in the negotiations.

12      Plaintiff has requested a hearing, which the Court will deny.  The Court has provided
13 Plaintiff the opportunity to have a hearing, however Plaintiff has failed to give the Court
14 notice that notice has been given to each Defendant as well as provide the Court all known
15 contact information for each Defendant or each Defendant's counsel, as ordered by the Court
16 on May 31, 2007.  Because substantial time has passed since the Court's order, the Court will
17 make a decision on the merits absent a hearing.

18 **II. LEGAL STANDARD**

19      To obtain a TRO, the moving party must show: 1) a strong likelihood of success on
20 the merits, 2) the possibility of irreparable injury to the moving party if injunctive relief is
21 not granted, 3) a balance of hardships favoring the moving party, and 4) advancement of the
22 public interest.  See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634
23 F.2d 1197, 1200 (9th Cir. 1980).  The moving party may meet this burden by showing either:
24 1) a combination of the probable success on the merits and a possibility of irreparable injury,
25 or 2) the existence of serious questions going to the merits and that the balance of hardships
26 tips sharply in its favor.  Goto.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th
27 Cir. 2000) (citing Sardi's Rest. Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985)).
28

- 2 -

**III. DISCUSSION**

In determining if Plaintiff has meet its TRO burden, the Court will examine the possibility of irreparable injury to Plaintiff as well as the balance of hardships to all parties. Plaintiff's fails to demonstrate the possibility of irreparable harm or show that the balance of hardships tips sharply in its favor, therefore the Court will not examine the probable success on the merits or the existence of serious questions going to the merits. See Los Angeles Memorial Coliseum Comm'n, 634 F.2d at 1201.

**A. POSSIBILITY OF IRREPARABLE HARM**

Plaintiff has failed to allege sufficient facts which would rise to the level of impending irreparable harm absent a TRO. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough [to constitute irreparable harm]. Id. at 1202. In Plaintiff's motion for a temporary restraining order, Plaintiff vaguely asserts Defendants' trespass has disturbed wildlife on the Property. Additionally, Plaintiff has also alleged that if Defendants are allowed to continue to exclude Plaintiff from negotiations, Plaintiff may be seen as an "obstructionist."

In regards to disruption of wildlife, Plaintiff only asserts, "Defendants have continued to trespass onto the Conservation Easement and continue to cause damage to its flora and fauna." Doc. # 2, p. 9. Absent further details, the Court is unable to determine if irreparable injury is occurring. Plaintiff has not stated if the alleged damage rises to the level of killing plants and animals or is simply the bruising of a plant branch due to the occasional misstep. Plaintiff failed to allege that a certain species of plant or animal is in danger of permanently being harmed, but rather has rested on the vague claim that unspecified wildlife is being disturbed. A blanket claim of disruption of wildlife, without any specific facts, is not enough for Plaintiff to satisfy its burden of showing irreparable harm. Plaintiff failed to state specifically how wildlife has been disturbed, what type of harm has occurred, or how this disruption is irreparable. A restraining order must be tailored only to remedy the specific harm shown by the plaintiffs. Land Council v. McNair, No. 07-35000, 2007 WL 1880990, at *10 (9th Cir. July, 2, 2007). Because Plaintiff has not alleged a specific harm the Court

1 is unable to tailor a specific remedy.  Plaintiff has failed to meet its burden of demonstrating
2 irreparable harm by asserting a vague and unsubstantiated allegation of wildlife damage.
3 Additionally, Plaintiff alleges that if Defendants are allowed to continue to negotiate
4 an amendment to the Conservation Easement absent Plaintiff, Plaintiff may be forced to
5 accept unfavorable amendment terms or be viewed as an "obstructionist" by Coconino
6 County Superior Court ("Superior Court") (Doc. # 2, p. 8).  Being seen by the Superior Court
7 as an "obstructionist" does not constitute irreparable harm.  If Plaintiff is unsatisfied with a
8 proposed amendment, Plaintiff may explain to the Superior Court that it was prevented from
9 participating in the amendment discussions.  Because the Plaintiff has failed to meet its
10 burden of showing irreparable harm, the Court will not consider the probability of success
11 on the merits.

### B. BALANCING OF HARDSHIPS

13 Plaintiff has not demonstrate that it engaged in an adequate balancing of hardships for
14 all the stakeholders affected by this dispute.  In its complaint, Plaintiff failed to identify the
15 harms which a TRO might cause Defendants and then weigh these potential harms against
16 Plaintiff's threatened injury.  See Los Angeles Memorial Coliseum Commission, 634 F.2d
17 at 1203.  "[T]he critical element in determining the test to be applied is the relative hardship
18 to the parties."  Brenda v. Grand Lodge of International Assoc. of Machinists & Aerospace
19 Workers, 584 F.2d 308, 315 (9th Cir. 1978).  The plaintiff has the burden of showing that the
20 balance of hardships tips sharply in its favor.  Goto.com, Inc., 202 F.3d at 1205.  Such a
21 showing seems unlikely here.  Plaintiff claims that in the absence of a restraining order it will
22 sustain some unspecified amount of disruption to wildlife due to Defendants' trespass.
23 Additionally, Plaintiff claims that the Superior Court will view it as an "obstructionist" if
24 Plaintiff objects to a proposed amendment, which Defendants negotiated absent Plaintiff's
25 participation.  In contrast, granting the restraining order would prevent Defendants from
26 accessing the property subject to the conservation easement to which Defendants claim they
27 have a prescriptive easement.  Also, the restraining order would prohibit Defendants from
28 negotiating an amendment to the Conservation Easement without the participation of

Plaintiff. Moreover, Plaintiff failed to show it accounted for any hardships incurred by a third party, such as the Natural Resources Conservation Service, as a result of the requested TRO. Therefore, because Plaintiff has not meet its burden of demonstrating that the balance of hardships tips sharply in its favor, the Court will not examine the existence of serious questions going to the merits.

**IV. CONCLUSION**

The threat of some vague injury to wildlife and that of being seen as an "obstructionist," fails to satisfy Plaintiff's burden of showing irreparable harm. Furthermore, Plaintiff did not demonstrated that it adequately balanced the hardships of all parties affected by the dispute and that the balance of hardships tips sharply in its favor. Therefore, Plaintiff has not meet its burden in showing either: 1) a combination of the probable success on the merits and a possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. # 2) is **DENIED** without prejudice to Plaintiff moving for a preliminary injunction after Defendants have received notice and if Plaintiff determines it can satisfy its burden.

DATED this 6th day of August, 2007.

James A. Teilborg
United States District Judge